UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JME TRUST,

    Plaintiff,

v.                                                                             Case No. 8:22-cv-196-TPB-AAS

JP MORGAN CHASE BANK, et al.,

    Defendants.
_____/

## ORDER DISMISSING CASE

This matter is before the Court *sua sponte*. Plaintiff is a purported trust – the JME Trust. "[B]ecause Plaintiff is a trust, Plaintiff is required, under 28 U.S.C. § 1654, to be represented by an attorney." *Mitchelle Art 89 Trust v. Astor Alt, LLC*, No. 1:15-cv-463-WSD, 2015 WL 4394887, at *1 (N.D. Ga. July 15, 2015). It appears that Plaintiff purports to be represented in this action by James Matthew Enright as "trustee" and Boris Roger Erickson as "successor trustee" of the JME Trust. Neither Enright nor Erickson are an actual plaintiff in this action,[1] and they are not attorneys authorized to practice law in this Court. Consequently, Plaintiff is required to be represented by counsel, and James Matthew Enright and Boris Roger Erickson may not represent Plaintiff in this action. Furthermore, it should be noted that Boris Roger Erickson has previously attempted to file suits on behalf of entities and has been warned by this Court about the unauthorized practice of law. *See Ernest James Brown Trust v. Braniff*, No. 20-cv-962-T-60AAS, 2020 WL 2084772 (M.D. Fla. Apr. 30, 2020).

---

[1] Although James Matthew Enright and Boris Roger Erickson also list themselves as Plaintiffs, they do so only in their capacities as purported trustees.

Normally, the Court may dismiss the complaint and grant Plaintiff the opportunity to retain counsel.  However, it declines to do so here because the complaint is patently frivolous.  Under 28 U.S.C. § 1915, a district court is required to dismiss a complaint if the court determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e).  Although this provision only applies to *in forma pauperis* proceedings, the Eleventh Circuit has additionally recognized that a district court possesses "the inherent authority to dismiss a patently frivolous complaint" even if a filing fee has been paid.  *Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184, at *2 (11th Cir. 2012).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight."  *Craven v. Florida*, No. 6:08-cv-80-Orl-19GJK, 2008 WL 2856830, at *2 (M.D. Fla. July 22, 2008) (citing *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).  In particular, "legal theories are frivolous when they are 'indisputably meritless,'" and dismissal is warranted of any "claims of infringement of a legal interest which clearly does not exist."  *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 329 (1989)).  After review of the complaint, the Court concludes that this action is completely nonsensical and patently frivolous.

In addition, the complaint does not present any valid basis for jurisdiction.  The courts of the United States have limited and very defined jurisdiction.  They do not have the authority to hear all cases that parties might choose to bring before them.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (explaining that federal courts possess limited jurisdiction, as authorized by Constitution and statute, and it is therefore to be "presumed that a cause lies outside this limited jurisdiction").  Plaintiff has failed to establish that this Court has jurisdiction to entertain its claims

under any recognized basis for federal court jurisdiction, nor has it shown that it is plausibly entitled to any relief.

## Conclusion

Plaintiff, as a trust, is required to be represented by counsel. Although the Court could dismiss the complaint and give Plaintiff an opportunity to retain counsel, it declines to do so here due to the patently frivolous nature of the complaint and lack of jurisdiction. This case is dismissed, without leave to amend.

## WARNING

When someone chooses to file an action in court, they have an obligation to do so in good faith and for proper purposes. This is true for parties represented by lawyers as well as parties representing themselves. Unfortunately, parties occasionally attempt to weaponize the court system and use it as a tool to harass, embarrass, intimidate, retaliate and waste other people's time and resources. Others occasionally attempt to use the courts to vindicate personal grievances, real or imagined, with no connection to the parties they choose to sue. In those rare instances when parties attempt to use the court system for improper purposes, judges have a responsibility to stop it while at the same time always respecting the rights of parties to pursue legitimate claims.

It is very clear that neither James Matthew Enright nor Boris Roger Erickson are proceeding in good faith. Instead, they are attempting to use the courts for improper purposes; these efforts will not be allowed to continue in this Court. Both James Matthew Enright and Boris Roger Erickson are warned that if they continue to abuse the court system for improper purposes, they will be subject to sanctions, including monetary sanctions and injunctive sanctions preventing them from filing any documents – including any action, complaint, petition, or motion – without prior written approval. James

Matthew Enright and Boris Roger Erickson are further warned that they may be subject to criminal prosecution for engaging in the unauthorized practice of law if they continue to file lawsuits on behalf of entities when they are not licensed attorneys in this jurisdiction.[2] The section of the Florida Statutes making the unauthorized practice of law a criminal offense can be found at § 454.23, *F.S.*

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. This case is **DISMISSED**, without leave to amend.
2. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of January, 2022.

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[2] As previously noted, Boris Roger Erickson previously attempted to file a suit on behalf of entities and was warned by this Court about the unauthorized practice of law. *See Ernest James Brown Trust v. Braniff*, No. 20-cv-962-T-60AAS, 2020 WL 2084772 (M.D. Fla. Apr. 30, 2020).